Frances Wihr and Ellen Wihr, a Minor by Her Father and Next Friend, Harold Wihr, Plaintiffs-Appellants, v. Bruno's Appliances Sales & Service, Inc., a Corporation, and Rudolph Schaffer, Defendants-Appellees.
Rudolph Schaffer, Counterplaintiff-Appellant, v. Frances Wihr, Counterdefendant-Appellee.

Gen. No. 48,163.

First District, Second Division.
February 21, 1961.

John C. Mullen, of Chicago, for plaintiffs-appellants, and J. W. Horwitz, of Chicago, for counterplaintiff-appellant.

Berchem, Schwantes & Thuma, of Chicago, for defendants-appellees, and Frank J. Pause, of Chicago, for counterdefendant-appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Frances Wihr and Ellen Wihr, her minor daughter, brought their action to recover damages occasioned by the alleged negligence of Bruno's Appliances Sales & Service, Inc., and its servant, Rudolph Schaffer, in the operation of a panel truck. Schaffer filed a counterclaim against Frances Wihr for damages he sustained in the occurrence. The jury returned verdicts for Frances Wihr, assessing damages at $13,000 for Ellen Wihr assessing damages at $500, and against Rudolph Schaffer on his counterclaim. Plaintiffs appeal on the ground that the verdicts are grossly inadequate. Defendants say that plaintiffs received a fair trial and that the verdicts are consistent with the evidence. In a cross appeal Schaffer asks that should a new trial be granted to plaintiffs, a new trial be allowed on his counterclaim.

On October 14, 1953, at approximately 2:00 P.M. there was a collision between a 1951 Buick car driven by Mrs. Wihr and a panel Chevrolet truck at the intersection of Route 22 and Telegraph Road in Lake County. The weather was clear and the roads were dry. The Buick car was being driven in a westerly direction on Route 22 by Mrs. Wihr, 39 years of age, who was alone in the front seat. Her mother was

seated in the right rear seat and Mrs. Wihr's daughter Ellen, 11 years of age, was in the left rear seat. The panel truck owned by the corporation and driven by its servant Schaffer was being operated in a southerly direction on Telegraph Road. He was alone in the truck. In the ensuing collision the two vehicles came together in such a manner that the truck struck head-on into the right side of the Buick car. Susan Towner, the mother of Mrs. Wihr, died three months after the collision. The injured were taken to the Highwood Hospital. Schaffer, 31 years of age at the time, had the misfortune to suffer the amputation of his left leg above the knee. The evidence strongly supports the verdicts of the jury on the issues of liability and these issues should not be tried again.

██ ██ We turn to a consideration of the contention of plaintiffs that the verdicts are grossly inadequate. Ellen Wihr was awarded $500. Her expenses amounted to $426. She suffered a large laceration of the scalp; a cerebral concussion, the residuals of which she had in the form of headaches and sickness in the stomach when she left the hospital two weeks after the occurrence; injuries to her knees; a postconcussion syndrome with headache complaints as late as 1957; a paralytic ileus; and a laceration of the liver with inter-abdominal bleeding. She had a good recovery and has no permanent injuries. It is reasonable to conclude that the jury allowed Ellen only $74 for the injuries she suffered. The recitation of the injuries sufficiently establishes that the verdict on damages in the case of Ellen Wihr is grossly inadequate.

Frances Wihr was awarded $13,000. Her life expectancy at the time of the trial was 30 years. Her hospital and medical bills total $1,421. Her automobile was a total loss at an agreed value of $1,250. There was competent evidence that she sustained fracture

of both sides of transverse process, 7th cervical; fracture, 6th dorsal (thoracic) vertebra; fracture at 4th lumbar area; compression fracture 8th dorsal (thoracic); compression fracture 7th dorsal (thoracic) vertebra; fracture of 6th cervical vertebra; fracture of 7th cervical vertebra; possible fracture 6th cervical transverse process; fracture 6th cervical lamina, still visible on 1960 films; dorsal (thoracic) 6th, 7th and 8th vertebrae have lost considerable lime with deterioration of bone at 7th; permanent disc calcification between 6th and 7th dorsal (thoracic) vertebrae; concussion to the brain; massive hematoma of right shoulder; and both knees lacerated. Because of the injury to her shoulder she cannot raise her right arm further than 90 degrees from her body. The injuries to her neck and back are permanent. She remained in the hospital five weeks. When she left the hospital she wore a metal and leather back and neck brace extending from hips to neck. The entire brace was worn for six months, after which the top part was removed and she continued to wear the bottom part. She wore a special corset for three or four years. Her right forehead is still sensitive to cold and has a slight loss of feeling. She does not have the full range of motion in her neck or right shoulder. Her neck, back, knees and right shoulder still give her pain. Within the three years prior to the trial the condition in her neck, back and right shoulder have not changed appreciably.

There was also considerable testimony of the suffering and disability caused by the occurrence. It is obvious that the jury failed to take into consideration proper elements of damage clearly proven and awarded the plaintiffs grossly inadequate damages. Therefore the judgments in favor of the plaintiffs and against the defendants are reversed, and the judgment on the counterclaim in favor of Frances Wihr and against counterplaintiff, Rudolph Schaffer,

148

is affirmed, and the cause is remanded with directions for a new trial on the issues of damages suffered by plaintiffs.

Judgments reversed, judgment affirmed and cause remanded with directions.

FRIEND, J. and BRYANT, J., concur.